JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CHAPTER 13 |
| MANUEL G GUTIERREZ | CASE NUMBER 09 – 24048-MKN |
| ADELA R GUTIERREZ | |
| | Kathleen A. Leavitt Chapter 13 Trustee |
| | DATE: December 3, 2009 |
| Debtors. | TIME: 2:30 pm |

**MOTION TO AVOID LIEN, "STRIP OFF" AND MODIFY RIGHTS OF BANK OF AMERICA PURSUANT TO 11 U.S.C. § 506(a) and 1322 §**

COMES NOW, Debtors, MANUEL G & ADELA R GUTIERREZ (hereinafter "Debtors"), by and through her attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD., and moves this Court to modify the rights of BANK OF AMERICA pursuant to 11 U.S.C. § 506(a), and § 1322, and Bankruptcy Rules 3012 and 9014.

In support of this Motion, the Debtors asserts the following:

1. Debtors filed the instant Chapter 13, Case Number 09-24048-MKN on August 3, 2009.

2. On the petition date, Debtors owned real property located at 2612 Fallow Field Terrace, Henderson, NV 89052 (hereinafter the "Subject Property"), which bears the following legal description:

      HORIZON CLASSICS
      PLAT BOOK 98 PAGE 90
      LOT 41 BLOCK 2
      SECTION 25 TOWNSHIP 22 RANGE 61

3. The value of the Subject Property is $188,991.00 (See http://Bankofamerica.cyberhomes.com estimate of property value attached hereto as Exhibit "A").

4. Based on the creditors' proof of claims filed, the Subject property was subject to the following liens when the bankruptcy was filed:

| | | |
|---|---|---|
| AURORA LOAN SERVICES | First Mortgage: | $146,856.00 |
| BANK OF AMERICA | Second Mortgage: | $16,164.00 |

5. On the date the instant bankruptcy case was filed, no equity existed in the Subject Property above the 2nd mortgage claim of BANK OF AMERICA's mortgage claim.

6. BANK OF AMERICA's second mortgage claim was wholly unsecured on the petition date and if the Subject Property was sold at an auction, BANK OF AMERICA would receive nothing by way of its second mortgage claim.

7. Accordingly, Debtors requests that this Court find that BANK OF AMERICA's 2nd mortgage claim is unsecured and should be reclassified as a general unsecured claim to receive pro rata distribution with other general unsecured creditors through the Debtors' Chapter 13 Plan.

**LEGAL ARGUMENT**

In *In re Zimmer*, 313 F.3.3d 1220(9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a), despite the anti-modification language in § 1322(b)(2). Specifically the Court held: Section 506(a) divides creditors' claims into "secured . . . claims" and unsecured claims." Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the Debtors's property, § 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest as such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Put more simply, a claim such as a mortgage is not a "secured claim" to the extent that it

exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is a term of art and not every claim that is secured by a lien on property will be considered a "secured claim."

Here, it is clear that BANK OF AMERICA's mortgage claim for the repayment of its loan is an unsecured claim because its deed of trust is junior to the first deed of trust, and the value of the Subject Property.

Since BANK OF AMERICA's mortgage claim is wholly unsecured (in that there is no equity above the first mortgage on the Subject Property), Debtors requests this Court reclassify BANK OF AMERICA's mortgage claim to a general unsecured claim to receive pro rata distribution with like unsecured creditors.

Further, Debtors requests this Court strip BANK OF AMERICA of its secured rights under State Law since no maintainable security interest in the subject property exists as to BANK OF AMERICA's mortgage claim.

Finally, Debtors is not required to file an adversary proceeding to achieve the requested relief herein. Debtors may bring a motion to "strip off" BANK OF AMERICA's consensual mortgage lien by motion. *See In re Williams*, 166 B.R. 615(Bankr.E.D.Va.1994), *In re Fuller*, 255 B.R. 300(Bankr.W.D.Mich.2000).

Wherefore, Debtors prays this Court:

1. "Strip off" and extinguish BANK OF AMERICA's wholly unsecured 2ND mortgage lien pursuant to 11 U.S.C., Section 506(a);

2. Reclassify BANK OF AMERICA's 2ND mortgage claim as a general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan; and

3. For such other relief the Court finds appropriate.

Dated: October 24, 2009

Respectfully Submitted:
/s/Jorge L. Sanchez, Esq. /s/
Jorge L. Sanchez, Esq.
Attorney for Debtors

SANCHEZ LAW GROUP, LTD.
930 S. FOURTH STREET, SUITE 211
LAS VEGAS, NEVADA 89101
(702) 635-8529

JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| MANUEL G GUTIERREZ | ) | CASE NUMBER 09 – 24048-MKN |
| ADELA R GUTIERREZ | ) | |
| | ) | Kathleen A. Leavitt Chapter 13 Trustee |
| | ) | |
| | ) | DATE:  December 3, 2009 |
| Debtors. | ) | TIME:  2:30 pm |
| | ) | |

**NOTICE OF MOTION TO AVOID LIEN, "STRIP OFF" AND MODIFY RIGHTS OF BANK OF AMERICA PURSUANT TO 11 U.S.C. § 506(a) and §1322**

TO:    ALL INTERESTED PARTIES

NOTICE IS HEREBY GIVEN that a Motion to Avoid Lien and Modify Rights of BANK OF AMERICA, pursuant to 11 U.S.C. §506(a) and § 1322, was filed October 24, 2009, by Sanchez Law Group Ltd., Attorney for Debtors(s).  This Motion seeks to avoid the lien of BANK OF AMERICA's rights regarding a second mortgage.

NOTICE IS FURTHER GIVEN that any and all opposition must be filed pursuant to Local Rule 9014(d)(1), which provides in pertinent part as follows:

Any Opposition must be filed pursuant to Local Rule 9014(d):

"(1) Oppositions to a motion must be filed and service must be completed on the movant no later than 15 days after the motion is served except as provided by LR 3007(b) and LR 9006. If the hearing has been set on less than 15 days' notice, the opposition must be filed no later than 5 business days before the hearing, unless the court orders otherwise.  The opposition must set

forth all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of subsection (c) of this rule.

(2) Except as provided by LR 3007(b), LR 7056(c), and LR 9006, any reply memorandum may be filed and served by the court and the opposing party no later than 5 business days before the date set for hearing or within the time otherwise fixed by the court.

(3) Uncontroverted facts may be taken as true. If no response or opposition is filed within the time required by these rules, the matter will be deemed unopposed, the court may enter an order granting the relief requested in the motion without further notice and without a hearing, and no appearance need be made. At the time originally set for hearing unopposed matters, the court may on its own or at the request of any party in interest continue the matter for hearing, in which case an appearance on behalf of the movant will be required at the continued hearing."

If you object to the relief requested, you must file a WRITTEN response to this pleading with the court. You must also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

• The court may refuse to allow you to speak at the scheduled hearing; and

• The court may rule against you without formally calling the matter at the hearing.

NOTICE IS FURTHER GIVEN that the hearing on the said Motion will be held before a United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Bankruptcy Court Room 3, Third Floor, Las Vegas, NV on December 3, 2009 at 2:30 p.m.

Dated: October 24, 2009

/s/Jorge L. Sanchez, Esq.
JORGE L. SANCHEZ, ESQ.
Attorney for Debtors

JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| MANUEL G GUTIERREZ | ) | CASE NUMBER 09 – 24048-MKN |
| ADELA R GUTIERREZ | ) | |
| | ) | Kathleen A. Leavitt Chapter 13 Trustee |
| | ) | |
| | ) | DATE:  December 3, 2009 |
| Debtors. | ) | TIME:  2:30 pm |
| | ) | |

**CERTIFICATE OF SERVICE OF NOTICE AND MOTION TO AVOID LIEN**

1.  On October 24, 2009, I served the following document(s):

Notice and Motion to Avoid Lien of BANK OF AMERICA, pursuant to 11 U.S.C. § 5060(a) and § 1322

2.  I served the above-named document(s) by the following means to the persons as listed below:

a.  ECF System

b.  Certified United States mail, postage fully prepaid, addressed as follows:

>  Aurora Loan Services
>  10350 Park Meadows Dr
>  Littleton, CO 80124

>  Registered Agent of Aurora Loan Services
>  CSC Services of Nevada, Inc.
>  502 East John Street
>  Carson City, NV 89706

>  Aida Y. Sarmast, Exectuive Officer for Aurora Loan Services
>  10350 Park Meadows Drive
>  Littleton, CO 80124

Bank of America
4161 Piedmont Pkwy
Greensboro, NC 27410

Resident Agent Bank of America
The Corporation Trust Company of Nevada
6100 Neil Road, Suite 500
Reno, NV 89511

Bank of America General Partner
Countrywide GP, LLC
4500 Park Granada
Calabasas, CA 91302

Special Notice Recipient for GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh

Special Notice Recipient for BAC Home Loans
Jeremy T. Bergstrom, Esq.
Miles, Bauer, Bergstrom & Winters, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052

    c.    Personal Service

I personally delivered the document(s) to the persons at these addresses:

    d.    By direct email

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

    e.    By fax transmission

Based upon written agreement of parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the fax transmission is attached.

    f.    By messenger

1. I declare under penalty of perjury that the foregoing is true and correct.
2. Dated:  October 24, 2009
3. /s/Doug Allen/s/
4. An employee of Sanchez Law Group