JORGE L. SANCHEZ, ESQ.
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| MANUEL G GUTIERREZ | ) | |
| ADELA R GUTIERREZ | ) | CASE NO: 09-24048-MKN |
| | ) | |
| | ) | DATE: December 3, 2009 |
| Debtors. | ) | TIME: 2:30 p.m. |
| | ) | Kathleen Leavitt Chapter 13 Trustee |

**MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY, TO MODIFY THE RIGHTS OF PARTIALLY SECURED AND WHOLLY UNSECURED LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

COME NOW, Debtors, MANUEL G & ADELA R GUTIERREZ (hereinafter "Debtors"), by and through their attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD., and move this Court to value Debtors' non-principal residence, determine the lien of WELLS FARGO HOME MORTGAGE ("WELLS FARGO HOME MORTGAGE") to be partially unsecured and modify the rights of said creditor accordingly.

This Motion is brought pursuant to 11 U.S.C. § 502(a), §506(a), §1322(b)(2), and Bankruptcy Rule 3012 and 9014, the Points and Authorities set forth below and all documents and pleadings on file herein.

**POINTS AND AUTHORITIES**

1.   Debtors filed a Chapter 13 petition in the United States Bankruptcy Court, District of Nevada on August 3, 2009.

2. On the date of the petition, Debtors were the owners of real property used as a rental property known and described as 3700 Bach Way, North Las Vegas, NV 89032, legally described as follows:

> SYMPHONY WEST-PHASE 2
> PLAT BOOK 53 PAGE 94
> LOT 24 BLOCK 1
> SECTION 09 TOWNSHIP 20 RANGE 61

3. The value of said real property at the time Debtors' Chapter 13 petition was filed was $119,887.00. (<u>See</u> professional appraisal attached hereto as Exhibit "A"). OR (See http://Bankofamerica.cyberhomes.com estimate of property value attached hereto as Exhibit "A").

4. Per Schedule D of the petition, said property at the time of filing was subject to the following liens evidenced by Promissory Notes and allegedly secured by Deeds of Trust (See Exhibit "B"):

> WELLS FARGO HOME MORTGAGE        First Mortgage: $205,675.00
> Acct. No. 7080172937971
> 8480 Stagecoach Cir.
> Frederick, MD 21701

5. As of the date of Debtors' Chapter 13 petition was filed no equity existed in said property above the amount of the appraisal value of $119,887.00 thereby leaving the lien of WELLS FARGO HOME MORTGAGE as partially secured to the extent of the value of the property. If said property were foreclosed or otherwise sold at an auction on the date of the petition, there would be insufficient proceeds to only make partial payment to WELLS FARGO HOME MORTGAGE on its first mortgage.

6. Debtors declares that the mortgage of WELLS FARGO HOME MORTGAGE is only partially secured such that all such unsecured debt should be reclassified as unsecured to share pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan and any proof(s) of claim filed by these creditors should be modified accordingly to reflect this

SANCHEZ LAW GROUP, LTD.
930 S. FOURTH STREET, SUITE 211
LAS VEGAS, NEVADA 89101
(702) 635-8529

reclassification. In addition, Debtors request that the mortgage of WELLS FARGO HOME MORTGAGE to be modified by order of this Court.

**LEGAL ARGUMENT**

**A. The Restrictions of 11 U.S.C. §1322(b)(2) Do Not Apply to Real Property Which is Not Debtors's Principal Residence.**

11 U.S.C. § 1322(b)(2) does not apply to this property as it is not Debtors's principal residence.

That section provides:
> (b) Subject to subsections (a) and (c) of this section, the plan may —
>
> *****
>
> (2) modify the rights of holders of secured claims, other Than a claim secured only by a security interest that is secured by an interest in real property that is the Debtors's principal residence, . . . .

**B. The Claims by Lienholders May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a)**

11 U.S.C. § 506(a)(1) provides in pertinent part:
> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject To setoff under section 553 of title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount of such allowed claim.

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C. § 1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a).

**C. Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

SANCHEZ LAW GROUP, LTD.
930 S. FOURTH STREET, SUITE 211
LAS VEGAS, NEVADA 89101
(702) 635-8529

11 U.S.C. §502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. Debtors herewith objects to any and all Proof(s) of Claim which may have been filed by WELLS FARGO HOME MORTGAGE relative to it's loan and request that any Proof(s) of Claim representing such claims be modified consistent with the Order of this Court determining their claims to be only partially secured in the case of the mortgage of WELLS FARGO HOME MORTGAGE.

## **CONCLUSION**

Debtors request determination of value of Debtors' non-principal residence real property to be less than the amount of the first mortgage of WELLS FARGO HOME MORTGAGE and argue that the first mortgage of WELLS FARGO HOME MORTGAGE may be modified, stripped down and reduced to the actual value of the property; that the said claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtors Chapter 13 plan and that the Proof of Claim of the lienholders be modified consistent with the actual value of the property.

Wherefore, Debtors pray this Court:

1. Determine the value of Debtors' non-principal residence real property to $119,887.00 or such other amount as the evidence may justify as of the date of the Petition; and

2. Modify the first mortgage of WELLS FARGO HOME MORTGAGE as secured only to the extent of the actual value of the property as of the date of the Petition; and

3. Reclassify the non-secured portion of WELLS FARGO HOME MORTGAGE' mortgage as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan; and

4. Conform any Proof(s) of Claim filed by WELLS FARGO HOME MORTGAGE to the secured/unsecured status of said claims as determined by this Court.

6. Order such other relief as the Court may deem appropriate.

Dated: October 24, 2009

Respectfully Submitted:

/s/Jorge L. Sanchez, Esq. /s/
Jorge L. Sanchez, Esq.
Attorney for Debtors

JORGE L. SANCHEZ, ESQ.
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| MANUEL G GUTIERREZ | ) | |
| ADELA R GUTIERREZ | ) | CASE NO: 09-24048-MKN |
| | ) | |
| | ) | DATE: December 3, 2009 |
| Debtors. | ) | TIME: 2:30 p.m. |
| | ) | Kathleen Leavitt Chapter 13 Trustee |
| | ) | |

**NOTICE OF MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY, TO MODIFY THE RIGHTS OF PARTIALLY SECURED AND WHOLLY UNSECURED LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

TO:    ALL INTERESTED PARTIES

NOTICE IS HEREBY GIVEN that a Motion to Value Collateral and Modify Rights of WELLS FARGO HOME MORTGAGE, pursuant to 11 U.S.C. §506(a) and § 1322, was filed October 24, 2009, by Sanchez Law Group Ltd., Attorney for Debtors(s).  This Motion seeks to value collateral underlying WELLS FARGO HOME MORTGAGE's rights regarding their respective mortgage loans.

NOTICE IS FURTHER GIVEN that any and all opposition must be filed pursuant to Local Rule 9014(d)(1), which provides in pertinent part as follows:

Any Opposition must be filed pursuant to Local Rule 9014(d):

"(1) Oppositions to a motion must be filed and service must be completed on the movant no later than 15 days after the motion is served except as provided by LR 3007(b) and LR 9006. If the hearing has been set on less than 15 days' notice, the opposition must be filed no later than 5 business days before the hearing, unless the court orders otherwise. The opposition must set forth

SANCHEZ LAW GROUP, LTD.
930 S. FOURTH STREET, SUITE 211
LAS VEGAS, NEVADA 89101
(702) 635-8529

all relevant facts and any relevant legal authority. An opposition must be supported by affidavits or declarations that conform to the provisions of subsection (c) of this rule.

(2) Except as provided by LR 3007(b), LR 7056(c), and LR 9006, any reply memorandum may be filed and served by the court and the opposing party no later than 5 business days before the date set for hearing or within the time otherwise fixed by the court.

(3) Uncontroverted facts may be taken as true. If no response or opposition is filed within the time required by these rules, the matter will be deemed unopposed, the court may enter an order granting the relief requested in the motion without further notice and without a hearing, and no appearance need be made. At the time originally set for hearing unopposed matters, the court may on its own or at the request of any party in interest continue the matter for hearing, in which case an appearance on behalf of the movant will be required at the continued hearing."

If you object to the relief requested, you *must* file a **WRITTEN** response to this pleading with the court. You must also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

· The court may *refuse to allow you to speak* at the scheduled hearing; and

· The court may *rule against you* without formally calling the matter at the hearing.

NOTICE IS FURTHER GIVEN that the hearing on the said Motion will be held before a United States Bankruptcy Judge, in the Foley Federal Building, 300 Las Vegas Boulevard South, Bankruptcy Court Room 3, Third Floor, Las Vegas, NV on December 3, 2009 at 2:30 pm.

Dated: October 24, 2009

                                      ***/s/Jorge L. Sanchez, Esq.***
                                      JORGE L. SANCHEZ, ESQ.
                                      Attorney for Debtors

JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorney for Debtors

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| MANUEL G GUTIERREZ | ) | |
| ADELA R GUTIERREZ | ) | CASE NO: 09-24048-MKN |
| | ) | |
| | ) | DATE: December 3, 2009 |
| Debtors. | ) | TIME: 2:30 p.m. |
| | ) | Kathleen Leavitt Chapter 13 Trustee |
| | ) | |

**CERTIFICATE OF SERVICE FOR NOTICE AND MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY, TO MODIFY THE RIGHTS OF PARTIALLY SECURED AND WHOLLY UNSECURED LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

1. On October 24, 2009, I served the following document(s):

Notice and Motion to Value Debtors' Non-Principal Residence Real Property, to Modify the Rights of Partially Secured and Wholly Unsecured Lienholders and Objection to Lienholders' Proof(s) of Claim, if any pursuant to 11 U.S.C. § 5060(a) and § 1322

2. I served the above-named document(s) by the following means to the persons as listed below:

a. ECF System

b. Certified United States mail, postage fully prepaid, addressed as follows:

Wells Fargo Home Mortgage
8480 Stagecoach Cir
Frederick, MD 21701

Registered Agent
CSC Services of Nevada, Inc.
502 East John Street
Carson City, NV 89706

Wells Fargo Ventures, LLC
1 Home Campus
MACX 2401-05W
Des Moines, IA 50328

Special Notice Recipient for GE Money Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh

Special Notice Recipient for BAC home Lonas
Jeremy T. Bergstrom, Esq.
MILES, BAUER, BERGSTROM & WINTERS, LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052

 c. Personal Service

I personally delivered the document(s) to the persons at these addresses:

 d. By direct email

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

 e. By fax transmission

Based upon written agreement of parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the fax transmission is attached.

 f. By messenger

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 24, 2009

/s/Doug Allen/s/

An employee of Sanchez Law Group