WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:  702 258-8200
bk@wildelaw.com
Fax:  702 258-8787

Electronically Filed on _____

Attorneys for BAC Home Loans Servicing, L.P.
fka Countrywide Home Loans Servicing L.P.
09-77459

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In Re:

MANUAL G GUTIERREZ
ADELA R GUTIERREZ

　　　　　　Debtors.

BK-S-09-24048 MKN

Date:   January 28, 2010
Time:   1:30 p.m.

Chapter 13

### SUPPLEMENTAL OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW, BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing L.P. (hereinafter "Secured Creditor") and files this Supplemental Objection to Confirmation of Chapter 13 Plan stating as follows:

Secured Creditor is the first deed of trust holder on 1309 Checkmark Avenue, North Las Vegas, Nevada, 89032 (hereinafter "subject property"), and is owed over $313,000.00. The Debtors filed a motion to value and reduce Secured Creditor's lien to $177,309.00. Secured Creditor subsequently filed an opposition to Debtors' motion to value – said opposition, filed on December 7, 2009, is incorporated herein by reference. The Court has continued the hearing on the motion to value to January 14, 2010. The Debtors' plan should not be confirmed until after the Court reaches a decision on the motion to value.

1     Moreover, Secured Creditor asserts that this Court should not confirm the proposed plan because 1) there is a complete lack of disclosure by the Debtors as detailed below, and 2) it is not feasible.

### A. Lack of Disclosure

Secured Creditor's opposition to Debtors' motion to value demonstrates that there are too many unanswered questions in the Debtors' attempt to treat the subject property as a rental and strip a large portion of Secured Creditor's interest in the same. The Debtors do not disclose the information necessary to answer these questions and prove they are being truthful with the Court. To this end, Secured Creditor is obtaining the loan application to determine if the Debtors claimed the property as a residence at the time of the loan. Secured Creditor would also like to subpoena utility documents to determine if, and when, the Debtors may have lived in the subject property. Finally, Secured Creditor would like an opportunity to see a copy of any leases the Debtors have concerning the subject property and speak with the alleged tenant. Until the Debtors can come before this Court with more information, the Court should not confirm this plan.

### B. Lack of Feasibility

The Debtors do not have sufficient income to meet their plan requirements as can be seen in a simple review of their Schedule "I" and looking at the proposed plan. Proposing to make payments of $1,968.00 per month for 60 months and then payments of $99,999.99, $99,999.00 and $24,609.00 in month 49 of the plan is highly speculative and places all risk of loss on the Secured Creditor. The Debtors' plan does not even list a "source" of where these payments are coming from.

If the Debtors propose to refinance the property, the Court can take judicial notice that credit markets are essentially "stagnant" making it very difficult for anyone to refinance, especially debtors in bankruptcy.

Further, the Debtors do not budget for taxes and upkeep of the alleged rental property in their schedule "J".

11 U.S.C. 1326(a)(6) requires that a debtor will be able to make all payments under the plan. The Debtors have not shown an ability to do so. Secured Creditor expects that they will claim an attempt to "sell or refinance" prior to month 49 when the $99,999.99, $99,999.00 and $24,609.00 payments are due.

When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." In re Newton, 161 B.R. 207, 217-218 (9th Cir. BAP 2007). This Debtor has proffered no such evidence warranting confirmation of this plan.

The Court in *In re Gavia*, 24 B.R. 216 (Bankr.E.D.Cal.1982), aff'd, 24 B.R. 573 (9th Cir. BAP1982), rejected a plan which proposed to liquidate property within six months after confirmation. In *Gavia*, the debtors proposed to make no payments during the six months. The court reasoned that there was an absence of on-going contractual payments to the secured creditors, and "The possible liquidation of the debtor's home for the hoped-for sale price within a specified time in a depressed market *would not convince a reasonable person that the debtor will be able to comply with his plan.*" Id. at 218. (emphasis added).

Courts in the Ninth Circuit have confirmed some plans which do not require payments to secured creditors but they are restricted by, among other things; (1) granting the mortgage creditor relief from stay immediately, (2) specify a date, not significantly beyond the date the creditor could otherwise conduct a foreclosure sale, by which the debtor must sell the property, or there is an equity cushion or other adequate protection sufficient to protect the creditor beyond that date, (3) provide that the debtor will enter into a stipulated order for relief from stay at the creditor's request; and (4) include a provision that in any conflict between the plan and a stipulated order for relief from stay, the stipulation controls. *In re Proudfoot*, 144 B.R. 876 (9th Cir.BAP 1992) and *In re Gavia*, 24 B.R. 573 (9th Cir. BAP1992)

See also, <u>In re Erickson, 176 B.R. 753 (Bankr.E.D.Pa.1995)</u> (holding Chapter 13 plan funded by sale of property was not feasible where the debtor had not stated the time period or terms of the sale and no provision was made for failure to sell the property); <u>In re Hogue, 78 B.R. 867, 873 (Bankr.S.D.Ohio 1987)</u> (Chapter 13 plan contemplating sale of residence three to five years after confirmation not feasible).

Until the Debtors can come before this Court with more information or income to properly fund a plan, the Court should not confirm this plan. It does not have a reasonable likelihood of success.

WHEREFORE, Secured Creditor asks that this Court deny confirmaiton and dismiss this case.

DATED this 19th day of January, 2010

                                    WILDE & ASSOCIATES

                                    By /S/GREGORY L. WILDE
                                    **GREGORY L. WILDE, ESQ.**
                                    Attorneys for Secured Creditor

Certificate of Facsimile

I certify that on January 19, 2010, I served a copy of the foregoing opposition on Debtor's Counsel by facsimile as follows:

Jorge L. Sanchez, Esq.
Sanchez Law Group, Ltd.
Fax No. (702) 537-2800